1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

| EDMUND J. WOOD, | Case No. C22-984 RSM |
| Plaintiff, | ORDER DENYING MOTION FOR WITHDRAWAL OF REFERENCE |
| v. | |
| CATHAY BANK, | |
| Defendant. | |

13

14

15

16

Before the Court is Cathay Bank's Motion for Withdrawal of Reference, Dkt. #1; Dkt. #1-2 at 4–11.  Plaintiff Edmund Wood, Chapter 7 trustee of the bankruptcy estate of Hot Pot Seattle, LLC, opposes this Motion.  Dkt. #1-2 at 38–42.

17

18

Cathay Bank does not consent to entry of final orders or judgments by the Bankruptcy Judge, intends to seek a jury trial in the District Court, and wishes to withdraw the reference in this matter.

19

20

21

22

On March 27, 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Stimulus Act ("CARES Act"), which created the Paycheck Protection Program ("PPP") to be administered by the United States Small Business Association ("SBA").

23

24

In approximately April 2020, the Debtor Hot Pot Seattle, LLC sought and obtained a PPP loan from Cathay Bank in the original principal amount of $327,494 (the "PPP Loan") as part of the first round of PPP funding under the CARES Act.

The Trustee alleges in his Complaint against Cathay Bank that, in approximately August 2020, the Debtor repaid Cathay Bank $220,000 as a partial payment of the PPP Loan.  Cathay Bank informs the Court that the remaining balance on the PPP Loan was repaid by third-party sources.  Dkt. #1-2 at 6.

On August 12, 2020, the Debtor commenced a voluntary petition for relief under Chapter 7 of Title 11, United States Bankruptcy Code.  The Plaintiff was appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate at that time.  On April 21, 2022, Plaintiff filed a complaint against Cathay Bank alleging causes of action seeking recovery for purported preferential and fraudulent transfer.

The PPP Loan was fully repaid and thus Cathay Bank was not notified of the Debtor's bankruptcy filing and did not file a proof of claim therein.  *Id.* at 6.  Cathay Bank has not consented to the jurisdiction of the Bankruptcy Court and has filed this Motion seeking to have this matter addressed by the District Court.

The Western District of Washington has referred to bankruptcy judges "all proceedings arising under 11 or arising in or related to a case under Title 11." LCR 87; 28 U.S.C. § 157(a). Bankruptcy judges in turn are empowered to "hear and determine all cases under Title 11 and all core proceedings arising under Title 11, or arising in a case under Title 11" that has been referred by the district court.  28 U.S.C. § 157(b)(1).  If a proceeding is not a core proceeding, as classified under the Bankruptcy Code, 28 U.S.C. § 157(b)(2), but is "otherwise related to a case under Title 11," the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, which shall enter final order and judgment, with any disputed findings and

ORDER DENYING MOTION FOR RECONSIDERATION – 2

conclusions subject to de novo review.  28 U.S.C. § 157(c).  On its own or on timely motion of a party, the district court may withdraw, in whole or in part, any referred proceeding for cause shown.  28 U.S.C. § 157(d). 28 U.S.C. § 157(d) also provides for mandatory withdrawal of a referred proceeding where its resolution requires consideration of federal law.

In determining whether cause exists to withdraw the reference under § 157(d) of the Bankruptcy Code, courts consider: "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Security Farms v. International Broth. of Teamsters, Chauffer, Warehousemen, & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (citing *In re Orion Pictures, Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)). Questions of efficiency and uniformity turn largely on the district court's evaluation of whether the claim is "core" or "non-core." *In re Orion*, 4 F.3d at 1101; *Sec. Farms*, 124 F.3d at 1008 (considering whether non-core issues predominate). The motion to withdraw must also be "timely," that is filed "as promptly as possible in light of the developments in the bankruptcy proceeding," *Sec. Farms*, 124 F.3d at 1007 n.3, though the court may still withdraw a reference "on its own motion" at any time.  28 U.S.C. § 157(d); *In re Hall, Bayoutree Assocs.*, Ltd., 939 F.2d 802, 805 (9th Cir. 1991).

The Motion is timely.

This is not a case for mandatory withdrawal because resolution does not *require* consideration of federal law.  The Court is not convinced that this case requires interpretation of the CARES Act.  Plaintiff Wood argues that this is a core proceeding, and the Court agrees.  *See* Dkt. #1-2 at 40.  It is undisputed that the Debtor repaid a PPP loan made pursuant to the terms of the CARES Act.  At issue are the exceptions to preference avoidance set out in 11 U.S.C. § 547(c).

Good cause has not otherwise been shown for withdrawal.  Judicial efficiency leans strongly in favor of keeping this matter before the Bankruptcy Court until the case is ready for trial.  Bankruptcy courts are properly and uniquely situated to evaluate the merits of preference claims.  Plaintiff otherwise credibly argues that the Court must withdraw the reference for the purpose of conducting a jury trial.  *See id.* at 39.  The Court therefore grants this Motion in part only for the purpose of holding a jury trial, if necessary.

Having considered Cathay Bank's Motion and the remainder of the record, the Court hereby finds and ORDERS that Cathay Bank's Motion for Withdrawal of Reference, Dkt. #1, is GRANTED IN PART for purposes of holding a jury trial but otherwise DENIED.  Such a matter can be assigned to a District Court Judge in the future if necessary.  This case is CLOSED.

DATED this 21st day of October, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION – 4